

July 15, 2024

**VIA ECF**

Hon. Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Si Ci Zhu</u>, 22 CR 14 (HG)

Dear Judge Gonzalez,

      I write this on behalf of the defendant, Si Ci Zhu, as a follow up and clarification to our July 10, 2024 letter motion that sought an order, pursuant to 28 U.S.C. §§ 2041 and 2042, directing the Clerk of the Court to accept from her or her designated representative a presentence payment toward the criminal financial obligations to be imposed in this case – which this Court granted (R. 22).

      Specifically, on July 11, 2024, this Court entered said order directing the Clerk of Court to accept prepayment from Ms. Zhu and deposit the funds in an interest-bearing account pending further order of the Court, at which time the funds would be withdraw and deposited in partial satisfaction of the criminal restation that will be ordered, not the forfeiture amount.

      Under Ms. Zhu's plea agreement, not only will she be liable for a substantial amount of restitution, but also a significant amount in forfeiture. Unlike many forfeitures, Ms. Zhu has not any funds or property seized from her at this time. Instead, it is simply a large amount of money separate from the expected restitution that is yet to be paid. Because nothing has been seized from Ms. Zhu that is subject to forfeiture, she will be required to make payments towards that amount in addition to the restitution.

      The undersigned recently spoke to an Assistant United States Attorney from the forfeiture unit of the United States Attorney's Office for the Eastern District of New York regarding the expected forfeiture and restitution orders. The undersigned was informed that in certain matters, the United States Attorney's Office determines whether forfeited funds can be used to satisfy restitution. That determination, however, is not made until at least some forfeited funds are received by their office.



  For that reason, we respectfully ask that this Honorable Court enter an order directing the Clerk of Court to allow Ms. Zhu to make prepayments towards forfeiture, not restitution, in case the forfeited funds are ultimately able to partially satisfy the restitution order. That way, either the funds paid towards forfeiture will satisfy part of the restitution, or they will simply satisfy forfeiture and the restitution will have to be paid separately. Given the significant amount of money sought in forfeiture and restitution, this would be the most equitable route to take.

  Thank you for your consideration.

            Respectfully submitted,

            *Vadim A. Glozman*

            Vadim A. Glozman

cc:  Assistant U.S. Attorney Miriam Glaser Dauermann (via ECF)