

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

BGK:TRP                                      *271 Cadman Plaza East*
F. #2021R00825                               *Brooklyn, New York 11201*

July 24, 2024

By ECF
The Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Si Ci Zhu
              Criminal Docket No. 22-14 (HG)

Dear Judge Gonzalez:

        The government respectfully requests an extension of time to respond to the defendant's letter dated July 15, 2024 ("Def. Letter"), from July 23, 2024 to July 24, 2024. The extension is requested due to an inadvertent clerical error by the undersigned attorney as to the deadline to file the government's response.

        The government writes pursuant to the Court's Order dated July 16, 2024, directing the government to respond to the Def. Letter, in which she requests that the Court enter an order directing the Clerk of Court to allow the defendant to make prepayments towards her forfeiture judgment to the Clerk of Court. The defendant's request should be denied. The Clerk of Court is not authorized to accept forfeiture payments since property forfeited in a criminal case, including forfeiture money judgments, is forfeited to the United States, and in this case, is collected by the United States Attorney's Office for the Eastern District of New York ("USAO-EDNY").

        As background, the defendant pled guilty to an Information charging a violation of 18 U.S.C. §371 in connection with a conspiracy to offer and pay healthcare kickbacks contrary to 42 U.S.C. § 1320a-7b(b)(2)(A).  Pursuant to 18 U.S.C. § 982(a)(7), the court, in imposing sentence on a person convicted of a federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

        On January 24, 2023, the Court entered an Order of Forfeiture against the defendant which ordered the defendant to pay a forfeiture money judgment to the United States in the amount of $759,821.00, pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b)(1), and 21 U.S.C. § 853(p).  See ECF No. 13-1.  The Order of Forfeiture directs that all forfeiture

payments shall be made payable to the U.S. Marshals Service and sent to the United States Attorney's Office, Eastern District of New York.  Accordingly, any forfeiture payments made by the defendant in this case should be sent to the USAO-EDNY, not the Clerk of Court.

Notably, the defendant acknowledges that the reason for her request is so that her payments can be credited to her forfeiture judgment first, so that in the event of a determination by the government to apply forfeited funds to her restitution obligation, the defendant would receive a benefit by the reduction of her restitution obligation.  The government submits that the Court is under no obligation to order that the defendant delay restitution payments to victims in the hopes that the defendant will receive such benefit.

The Attorney General of the United States may authorize the use of forfeited funds to pay restitution to the victim of a criminal offense through the restoration process. The issue of whether any forfeited property should be applied to restitution is left to the sole discretion of the Attorney General.  21 U.S.C. § 853(i); see United States v. Pescatore, 637 F.3d 128, 138 (2d Cir. 2011) (holding that, absent any statutory constraints, the Attorney General has the authority to either retain or transfer forfeited funds); see also O'Connor, 321 F. Supp. at 729-30 (holding that because ownership of forfeited funds vests in the United States at the time of the offense, the United States alone can restore or assign forfeited proceeds to the victims).  Further, it is well-established that forfeiture and restitution are separate, mandatory obligations of a defendant at sentencing. United States v. Kalish, 626 F.3d 165, 169 (2d Cir. 2010) (there was "no infirmity in the District Court's imposition of both a forfeiture remedy and a restitution remedy. These remedies are authorized by separate statutes, and their simultaneous imposition offends no constitutional provision."); United States. v. McGinty, 610 F.3d 1242, 1247 (10th Cir. 2010) (criminal forfeiture and restitution are separate remedies that serve distinct purposes: forfeiture is measured by a defendant's gain and restitution by a victim's loss).

Thus, restitution payments are required by law to be sent to victims, whereas there is no guarantee that forfeiture payments will be credited to the defendant's restitution judgment. The law is clear that the defendant is not entitled to restoration; it is at the discretion of the Attorney General.  Accordingly, the Court is not required to order that the defendant prioritize the payment of forfeiture over restitution in the hopes that restoration will be granted for her own benefit.

2

Thank you for Your Honor's consideration of this request.

                              Respectfully submitted,

                              BREON PEACE
                              United States Attorney

By:      /s/ *Tanisha R. Payne*
                              Tanisha R. Payne
                              Assistant U.S. Attorney
                              718-254-6358