1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,      : 22cr14 (RDJ)
                               :
            Plaintiff,         :
                               :
        -against-             : United States Courthouse
                               : Brooklyn, New York
SI CHI ZHU,                    :
                               :
            Defendant.         : Tuesday, January 25, 2022
                               : 10:00 a.m.
                               :
                               :
                               :

- - - - - - - - - - - - - - X

        TRANSCRIPT OF CRIMINAL CAUSE FOR A PLEADING
        BEFORE THE HONORABLE RAYMOND J. DEARIE
          UNITED STATES SENIOR DISTRICT JUDGE

                A P P E A R A N C E S:

For the Government:    UNITED STATES ATTORNEY'S OFFICE
                       Eastern District of New York
                       271 Cadman Plaza East
                       Brooklyn, New York 11201
                       BY:ANDREW ESTES, ESQ.
                          Assistant United States Attorney

For the Defendant:    LAW OFFICES OF VADIM A. GLOZMAN
                       53 W. Jackson Blvd., Suite 1150
                       Chicago, IL 60604
                       BY:VADIM GLOZMAN, ESQ.

Nancy Wu, Cantonese Interpreter
Pretrial Services - Valeria Lopez

Court Reporter:    **SOPHIE NOLAN**
                   225 Cadman Plaza East/Brooklyn, NY 11201
                   NolanEDNY@aol.com
*Proceedings recorded by mechanical stenography, transcript
produced by Computer-Aided Transcription*

Proceedings                                      2

1              (Via Teleconference.)

2          (The Hon. Raymond J. Dearie, presiding.)

3              (Defendant present via Zoom.)

4          THE COURTROOM DEPUTY:  This is a criminal cause for

5    a pleading in the matter of *USA versus Si Ci Zhu*, docket

6    number 22-CR-14.  The interpreter has been sworn.

7          Counsel, can you please state your appearance for

8    the record, starting with the Government?

9          MR. ESTES:  Andrew Estes for the Government.  Good

10   morning, Your Honor.

11         THE COURT:  Mr. Estes, good morning.

12         MR. GLOZMAN:  Good morning, Your Honor.  For the

13   record, I am Vadim Glozman on behalf of Si Ci Zhu and I have

14   filed my appearance as a pro hac vice attorney.

15         THE COURT:  All right.  Good morning.

16         Good morning, Ms. Zhu.  Are we ready to proceed,

17   counsel?

18         THE DEFENDANT:  Good morning, Your Honor.

19         THE COURT:  Good morning.

20         I understand you have arrived at a disposition.  The

21   defendant will plead guilty to an Information.  I have before

22   me a signed waiver of indictment as well as a copy of the

23   Information and the parties' agreement and later on in the

24   proceedings we'll get to the subject of bond and release.

25         As far as I understand it, this is the first

Proceedings                                                3

1   appearance by Ms. Zhu?

2            MR. ESTES:  That is correct, Your Honor.

3            THE COURT:  All right.  Swear the defendant,

4   Catherine, if you would.

5            THE COURTROOM DEPUTY:  Ms. Zhu, please raise your

6   right hand?

7            Do you swear or affirm that the testimony you are

8   about to give in connection to plea will be the truth, the

9   whole truth and nothing but the truth so help you God?

10           THE DEFENDANT:  Yes.

11           THE COURT:  I am observing the interpreter who

12  appears to be having some difficulty.

13           Madam, are you able to hear me?

14           THE INTERPRETER:  Your Honor, the interpreter has

15  some difficulty hearing you because I am using both the phone

16  and the computer.

17           THE COURT:  Let's take a pause and figure out the

18  technical issues.

19           (Pause in proceedings.)

20           THE COURT:  Hopefully we can proceed without any

21  more trouble.  I left off asking the interpreter to assure us

22  that the defendant responded when she was placed under oath.

23           I am going to swear the defendant again.  Cat, would

24  you do that?

25           THE COURTROOM DEPUTY:  Ms. Zhu, raise your right

SN       OCR       RPR

Proceedings                                    4

1   hand.  Do you swear or affirm that the answers you are about

2   to give in connection with this plea will be the truth, the

3   whole truth and nothing but the truth, so help you God?

4              THE DEFENDANT:  Yes, I do.

5              THE COURT:  Okay, I have observed the defendant with

6   her hand raising and I hear through the interpreter that she

7   has responded yes.

8              Now, Ms. Zhu, I have to ask you a number of

9   questions.  If there's anything I say that isn't entirely

10  clear to you or if you can't hear for any reason, me or the

11  interpreter, by all means let me know that immediately.  Do

12  you understand?

13             THE DEFENDANT:  Okay, I understand.

14             THE COURT:  If you wish at any time to confer with

15  your attorney, simply ask me and I will give you whatever time

16  you need to talk privately with your lawyer.

17             THE DEFENDANT:  Okay, I understand.

18             THE COURT:  You should bear in mind as well that you

19  are now under oath.  That means that your answers to my

20  questions must be truthful.  If they were not in any material

21  way, you could subject yourself to further criminal charges

22  for the offense of perjury which is lying while under oath.

23  Do you understand that?

24             THE DEFENDANT:  I understand.

25             THE COURT:  The first order of business, of course,

1   is that we are conducting this proceeding by video.  Now, in

2   light of the pandemic, the Congress of the United States has

3   authorized the Administrative Office of the U.S. Courts and

4   the Chief Judges of the United States to authorize us to

5   conduct these proceedings with the consent of the defendant,

6   if the interest of justice so require.

7            You have the right to insist that the proceeding be

8   conducted in open court notwithstanding.  Do you understand

9   that?

10           THE DEFENDANT:  I do understand.

11           THE COURT:  Your lawyer has explained that to you?

12           THE DEFENDANT:  Yes.

13           THE COURT:  And you consent to us proceeding by

14  video?

15           THE DEFENDANT:  I agree to it.  I very much agree to

16  it.

17           THE COURT:  The defendant has agreed to the

18  proceedings, given the circumstances as I understand them and

19  the defendant's consent and the stated desire to proceed by

20  video, I find that the interest of justice is served and

21  accordingly we will continue as such.

22           I will ask you now to state your full name.

23           THE INTERPRETER:  Your Honor, there is a lag.  Can

24  you repeat the question?

25           THE COURT:  I will ask you please to state your full

Proceedings                                    6

1   name.

2          MR. ESTES:  This is Andrew Estes for the Government.

3   I think the interpreter just muted herself.

4          THE DEFENDANT:  My full name is S-I, C-I, Z-H-U.

5          THE COURT:  And how old are you, madam?

6          THE DEFENDANT:  Fifty years old.

7          THE COURT:  And what schooling or formal education

8   have you had?

9          THE DEFENDANT:  High school.

10          THE COURT:  We are using an interpreter, so I would

11   emphasize if you have any difficulty with the interpretation,

12   let me know immediately.

13          Counsel, you have conducted your discussions with

14   your client through the use of an interpreter?

15          MR. GLOZMAN:  Yes, Your Honor.  We had someone help

16   translate what I said and what the documents said.

17          THE COURT:  Ms. Zhu, are you currently under the

18   care of a physician or any medical professional?

19          THE DEFENDANT:  No, I have not.

20          THE COURT:  In the past 24 hours have you had any

21   medication, alcohol or drugs of any sort?

22          THE DEFENDANT:  No, I have not.

23          THE COURT:  So your mind is clear this morning and

24   you are able to follow what I say?

25          THE DEFENDANT:  Yes.

Proceedings                                                        7

1          THE COURT:  Counsel, in your discussions with your

2    client, are you confident that she understands the rights that

3    she will be waiving by waiving indictment and by pleading

4    guilty?

5          MR. GLOZMAN:  I do, Your Honor.

6          THE COURT:  Is she, in your judgment, capable of

7    understanding the nature of these proceedings?

8          MR. GLOZMAN:  Yes, Your Honor.

9          THE COURT:  Is there any doubt as to her competence

10   to proceed at this time?

11         MR. GLOZMAN:  No, Your Honor.

12         THE COURT:  Ms. Zhu, are you satisfied with the

13   representation that the counsel has provided to you so far in

14   this case?

15         THE DEFENDANT:  I am very satisfied.

16         THE COURT:  I take it, therefore, that you wish to

17   have him continue in his role as your attorney?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Now, I am going to ask you a number of

20   questions that are designed to establish as a matter of record

21   that you understand the rights you waive by waiving indictment

22   and pleading guilty, all right?  Do you understand?

23         THE DEFENDANT:  Yes, I do understand.

24         THE COURT:  The charge reflected in this Information

25   is what we call a felony violation of law, meaning that it is

Proceedings                                                      8

1   an offense that carries with it a possible term of

2   imprisonment in excess of one year.  The United States

3   attorney does not have the authority to charge you with any

4   felony violation of law without your willingness to knowingly

5   and voluntarily waive your right to have a grand jury

6   determine whether or not charges should be filed against you.

7          A grand jury is a group of people drawn from the

8   community to hear evidence presented by the United States

9   attorney.  It is not an adversarial proceeding in the sense

10  that you are not present, counsel is not present -- unless you

11  request to testify.  The U.S. Attorney required to establish

12  to the satisfaction of the grand jury probable cause that you

13  have committed an offense.

14         Then, and only then, can the grand jury charge you

15  with any felony violation of law; meaning that if the grand

16  jury determined that probable cause had not been established,

17  they would be powerless to charge you with a felony violation

18  of law.  The Government, in turn, would be permitted to

19  re-present the matter to a grand jury or to a second grand

20  jury, all right, but they would not have the authority to

21  charge you with a felony violation of law.

22         That means simply that if the grand jury decided not

23  to indict you, that would be the end of it unless the

24  Government chose to proceed before a different grand jury or

25  re-present the matter to the same grand jury.

1          Do you understand that?

2          THE DEFENDANT:  I do understand.

3          THE COURT:  Are you willing then to waive your

4    rights to proceed before the grand jury?

5          THE DEFENDANT:  Yes.  I am willing to do so.

6          THE COURT:  Counsel, any doubt in your mind that

7    counsel understands her rights to proceed before a grand

8    jury?

9          MR. GLOZMAN:  No, Your Honor.  We've gone over it

10   several times.

11         THE COURT:  Okay.  The defendant has, in the

12   presence and with the advice of counsel, knowingly and

13   voluntarily waived her right to proceed before a grand jury.

14   Accordingly, I would note for the record the waiver of

15   indictment appears to be signed by the defendant, her attorney

16   and now I will add my signature to the waiver, indicating my

17   acceptance of her waiver.

18         All right, that taken care of, now we proceed just

19   as if, Ms. Zhu, just as if the grand jury had indicted you for

20   this offense.  That said, you have an absolute right to plead

21   not guilty to the charge.  Do you understand?

22         THE DEFENDANT:  I do understand.

23         THE COURT:  If you were to plead not guilty to the

24   charge, you would be entitled under our Constitution and laws

25   to a speedy and public trial by a jury with the assistance of

Proceedings                                    10

1  counsel on the charge reflected in this matter.  At trial, you

2  would be presumed innocent of the charge.  The Government

3  would have to attempt to overcome this presumption of

4  innocence and prove you guilty to the jury's satisfaction

5  beyond a reasonable doubt.

6          You would not be required to prove a thing.  You can

7  sit back, do nothing, say nothing and simply put the

8  Government to the burden of attempting to prove its case to

9  the satisfaction of the jury.

10          Do you understand these rights?

11          THE DEFENDANT:  Yes, I do understand.

12          THE COURT:  That means, of course, that if the

13  government were to fail in any way, technical or otherwise, to

14  prove its case to the satisfaction of the jury, the jury would

15  be required under my instructions to find you not guilty, even

16  if you committed this offense.  Do you understand that?  Have

17  I lost you?

18          THE INTERPRETER:  The interpreter lost the

19  connection momentarily.  I can hear you now.

20          THE COURT:  If the Government were to fail to prove

21  its case beyond a reasonable doubt, the jury would be required

22  to find you not guilty even if you committed this offense.  Do

23  you understand?

24          THE DEFENDANT:  Yes, I understand.

25          THE COURT:  In the course of a trial, witnesses

Proceedings                                    11

 1   would be required to come to court, testify under oath in your

 2   presence, in the presence of your attorney.  You would have

 3   the right to have counsel cross-examine each of the

 4   Government's witnesses.  You have the right to offer evidence

 5   in your own defense, even though you are not required to do.

 6   So you would have the right to compel the attendance of

 7   witnesses to testify on your behalf.

 8           You have the right to compel the production of

 9   documents and other information to assist you in your defense,

10   all of which you can do with a court order or a subpoena as we

11   commonly refer to it.  Do you understand?

12           THE DEFENDANT:  I understand.

13           THE COURT:  At a trial, you would have the right,

14   therefore, to sum up, to confront each of these witnesses

15   face-to-face in open court.  Do you follow?

16           THE INTERPRETER:  Judge, the interpreter has

17   internet problems.  There is a lag.  Can you repeat the last

18   question, Your Honor?

19           THE COURT:  I said you would have the right to

20   confront each of these government witnesses face-to-face in

21   open court.

22           THE DEFENDANT:  I understand that.

23           THE COURT:  At trial, you would have the right to

24   testify in your own defense, but you would be under no

25   obligation to do so.  Under our Constitution and laws, you

Proceedings                                                    12

1    cannot be compelled to give evidence against yourself.  The

2    burden is on the Government to prove its case and it never

3    moves to you.  You are under no obligation to testify.

4            If you chose to testify, all right --

5            Excuse me, before I go there, if you chose not to

6    testify and counsel requested it, I would instruct the jury in

7    the strongest possible terms that under no circumstances could

8    they, the jury, hold your decision against you.  Do you

9    understand that?

10           THE DEFENDANT:  I understand.

11           THE COURT:  And, finally, the decision of whether or

12   not to testify is a decision you make; not your attorney, not

13   the Government, not the Court.  No one can make you testify.

14   The decision whether or not to give evidence, give testimony

15   at your trial is a decision for you to make.  Obviously, it's

16   a decision you would make in consultation with your attorney,

17   but in the end, it is your decision.  Do you understand?

18           THE DEFENDANT:  I understand.

19           THE COURT:  Okay.  Now, having said all of that, if

20   you plead guilty and I accept your plea, you give up all of

21   these rights forever.  Do you understand?

22           THE DEFENDANT:  I understand.

23           THE COURT:  There will be no trial.  With the

24   possible exception of sentence, there is no right to an

25   appeal.  I will simply enter a judgment of guilty based upon

Proceedings                                          13

1   what you tell me; based upon your plea of guilty.  Do you

2   understand?

3           THE DEFENDANT:  I understand.

4           THE COURT:  And, finally, before I can actually

5   accept your plea, I am required under the rule to satisfy

6   myself that you are, in fact, guilty of the offense charged in

7   this Information.  To do that, in just a few minutes I will

8   ask you a few questions about the charge.

9           In responding to my questions, you will give up your

10  right to remain silent, quite obviously.  You will give up

11  your Constitutional right not to incriminate yourself and you

12  will be called upon this morning on the record to acknowledge

13  your guilt.  Do you understand that?

14          THE DEFENDANT:  I understand.

15          THE COURT:  Are you willing then to give up your

16  right to a trial and these other rights that I have just

17  explained?

18          THE DEFENDANT:  Yes.

19          THE COURT:  I have before me a document which we

20  will mark, Catherine, as Court Exhibit A to this proceeding.

21          (Court Exhibit A so received.)

22          THE COURT:  It represents the agreement of the

23  parties.  It's an eleven-page typewritten document containing

24  twenty-two numbered paragraphs.

25          Are you familiar with this document?

Proceedings                                    14

1          MR. GLOZMAN:  Yes, I am familiar with it.

2          THE COURT:  Has it been translated for you?

3          THE DEFENDANT:  Yes, it has been translated to me.

4    It was my son who translated it for me.

5          THE COURT:  Your son is native -- was he speaking

6    Mandarin?

7          THE DEFENDANT:  In fact it's Cantonese, Your Honor.

8          THE COURT:  Cantonese.  That's his first language?

9          THE DEFENDANT:  No.  English is his first language.

10   However, I spoke to him at home regularly.

11         THE COURT:  In Cantonese?

12         THE DEFENDANT:  Yes.

13         THE INTERPRETER:  The interpreter missed that part

14   of the answer?

15         THE COURT:  I think I asked the defendant whether

16   she reviewed the document with her attorney.

17         THE DEFENDANT:  Yes, I have reviewed it with the

18   lawyer a number of times.

19         THE COURT:  Mr. Glozman, you are confident that your

20   client understands the agreement?

21         MR. GLOZMAN:  Yes.  We reviewed it several times

22   with the assistance of her son, who speaks fluent Cantonese.

23         THE COURT:  Ms. Zhu, as far as you understand, is

24   your agreement with the United States attorney fully and

25   accurately set out in this agreement?

Proceedings                                          15

1          THE DEFENDANT:  Yes.

2          THE COURT:  Are there any other promises or

3    understandings that have been made to you that have

4    contributed to your decision to enter into this plea that are

5    not written down in this agreement?

6          THE DEFENDANT:  No.

7          THE COURT:  Counsel, you can confirm that, I take

8    it?

9          MR. GLOZMAN:  Yes, Your Honor.

10         THE COURT:  Now, the charge itself begins with a

11   lengthy introduction.  With the permission of counsel, I will

12   not read that.  Is that okay, everyone?

13         MR. ESTES:  Yes, Your Honor.

14         MR. GLOZMAN:  Yes, Your Honor.

15         THE DEFENDANT:  Yes, no need to.

16         THE COURT:  Turning my attention to the charging

17   language that begins on page four, paragraph 17.  It reads as

18   follows:  "In or about and between January 2010 and January

19   2021, both dates being approximate and inclusive within the

20   Eastern District of New York and elsewhere, the defendant

21   Si Ci Zhu," and I apologize if I've mispronounced the name,

22   "together with others did knowingly and willfully conspire to

23   offer and pay kickbacks, directly and indirectly, overtly and

24   covertly, in cash and in kind, to persons to induce such

25   persons to refer Medicare and Medicaid beneficiaries to the

Proceedings                                    16

1    scheme pharmacies for the furnishing and arranging for the

2    furnishing of services and items for which payment may have

3    been made in whole or in part under Plan D plans, Medicaid and

4    Medicaid Managed Care plans, contrary to Title 42 United

5    States Code Section 1320a-7b(b)(2)(A).

6              "And in furtherance of the conspiracy and to effect

7    its objects, within the Eastern District of New York and

8    elsewhere, the defendant Si Ci Zhu, together with others,

9    committed and caused the commission of, among others, the

10   following overt acts:  On or about April 18, 2018, Zhu signed

11   a check written from a bank account held in the name of

12   Pharmacy 2 and made payable to Individual 1 in the amount of

13   $83,953.

14             "On or about September 4, 2020 Zhu signed a check

15   written from a bank account held in the name of Pharmacy 1 and

16   made possible to Company 1 in the amount of $28,932.  On or

17   about February 18, 2020, Zhu signed a written check from a

18   bank account held in the name of Pharmacy 1 and made payable

19   to Company 1 in the amount of $30,728.  On or about September

20   21, 2020 Zhu signed a check written from a bank account in the

21   name of Pharmacy 1 and made payable to Company 1 in the amount

22   of $3,000."  Okay.

23             Ms. Zhu are you familiar with this charge?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Ms. Zhu, did you carefully review it

Proceedings                                    17

1    with counsel?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Any doubt in your mind what you are

4    charged with in this Information?

5              THE DEFENDANT:  No, I do not.

6              THE COURT:  You are charged with the offense of

7    conspiracy.  What is your understanding of the conspiracy?

8    What is a conspiracy?

9              THE DEFENDANT:  I am familiar with it.

10             THE COURT:  What is a conspiracy?

11             THE DEFENDANT:  That is agreement amongst people to

12   achieve a goal.

13             THE COURT:  To achieve an illegal goal?

14             THE DEFENDANT:  Yes.

15             THE COURT:  That is the crime you are pleading

16   guilty to, the conspiracy itself, the agreement to violate the

17   law.  Do you understand that?

18             THE DEFENDANT:  I do.

19             THE COURT:  Now, let me turn back to your agreement

20   and discuss generally information relating to sentencing.  In

21   paragraph one of your agreement, there is laid out the

22   penalties that the Congress has written into the law that you

23   face.  You face a maximum term of imprisonment of five years

24   and that's the worst that could happen, you face a term of up

25   to three years of supervised release.

Proceedings                                    18

1        Supervised release is a period of supervision that

2   begins to run the moment you are released from federal

3   custody.  So this only comes into play if you are sentenced to

4   a term of imprisonment; all right?  If you were to violate the

5   terms or conditions of your supervised release, at any time

6   during the period of supervision, you could be returned to

7   prison for up to two years under the sentence in my case

8   without any credit being given to you for the time you spent

9   at liberty under supervision.  Do you understand that?

10            THE DEFENDANT:  I understand.

11            THE COURT:  You also face a fine of -- equal to the

12  greater of $250,000 or twice the gross gain from the offense

13  conduct.  And restitution is mandatory and it's mandatory in

14  the amount of $1,871,377 to be allocated between Medicare and

15  Medicaid, the apportion to be determined by the Court at a

16  later proceeding.  Do you understand?

17            THE DEFENDANT:  I understand.

18            THE COURT:  The Court will also impose a special

19  assessment of $100 and you are subject to criminal forfeiture

20  as laid out in paragraphs 6 through 13 of your agreement.  I

21  see here the possibility exists that as a result of this

22  conviction, you could face denaturalization proceedings and

23  removal from the United States.  Again, as set out in

24  paragraph 20 of your agreement.

25            Do you understand all of these possible penalties?

Proceedings                                          19

1          THE DEFENDANT:  I do understand.

2          THE COURT:  Okay.  We have sentencing guidelines in

3     the court that address the question of where within this

4     rather broad range of zero to five years you will sentenced?

5          THE DEFENDANT:  I understand.

6          THE COURT:  I cannot tell you today what sentencing

7     range I will compute under these guidelines.  I assume counsel

8     has given you some idea as to what that range may be; is that

9     correct?

10         THE DEFENDANT:  Yes.

11         THE COURT:  I won't be in a position to calculate

12    the guidelines for myself until after I have received the

13    probation pre-sentence report prepared by the Probation

14    Department with your input, counsel's input and guidance, as

15    well as the United States attorneys.  The report will tell

16    the story of this case.  It will provide biographical

17    information to yourself.  It will also include the Probation

18    Department's recommended calculation of the guidelines

19    sentencing range.

20             You will see that report along with your attorney

21    before I do.  You will be given an opportunity to voice

22    objection and otherwise comment on the report.  It will

23    eventually come to me.  It will then be incumbent upon me to

24    calculate the guidelines range based upon the report and based

25    upon any information counsel bring to my attention, including

Proceedings                                                    20

1    any objections they may have to the report calculation.

2         I am not obligated to sentence you within the

3    guideline range that I compute I am obligated to consider that

4    range in arriving at what the law regards as a reasonable

5    sentence.  So, in the end, I will consider first and foremost

6    the advisory guideline range, any number of statutory factors

7    about you, the crime and so forth and any other information

8    brought to me by counsel that bears on the question of

9    sentence.

10        And, as I said, what the law then requires me to do

11   is to impose a reasonable sentence.  And if you think at the

12   end of the day that I have imposed an unreasonable sentence,

13   you may seek to review my -- to appeal my sentence, I should

14   say, to a higher court and if you can no longer afford the

15   fees and expenses associated with this appeal, those fees and

16   expenses may be paid by the Court under the authority of the

17   Criminal Justice Act.

18        Now, your right to appeal is limited, however, by

19   your agreement which provides that you will not appeal or

20   otherwise challenge your conviction in the event that the

21   Court imposes a term of imprisonment at or below 51 months.

22   So, as I understand this provision, as long as I impose a

23   sentence of 51 months or less, you have no right to appeal.

24   Do you understand that?

25        THE DEFENDANT:  I understand.

Proceedings                                    21

1       THE COURT:  Is that your understanding as well?

2       THE DEFENDANT:  I understand entirely.

3       THE COURT:  Counsel, anything else I should cover?

4       MR. GLOZMAN:  No, Your Honor.

5       MR. ESTES:  Andrew Estes for the Government.

6       Just noting for the record that the Government's

7  estimate of the ultimate guideline range including acceptance

8  of responsibility would be 37 to 46 months and as Your Honor

9  had mentioned, the forfeiture money judgment would be in the

10  amount of $759,821.

11      THE COURT:  All right.  Ms. Zhu, are you ready to

12  plea?

13      THE DEFENDANT:  Yes.

14      THE COURT:  Do you have any questions before we go

15  any further?

16      THE DEFENDANT:  No, I do not.

17      THE COURT:  Okay.  Counsel, any reason why the

18  defendant should not plead guilty?

19      MR. GLOZMAN:  No, Your Honor.

20      THE COURT:  Ms. Zhu, what is your plea to the

21  Information; guilty or not guilty?

22      THE DEFENDANT:  Guilty.  I plead guilty.

23      THE COURT:  Are you pleading guilty voluntarily of

24  your own free will?

25      THE DEFENDANT:  Yes.

Proceedings                                          22

1          THE COURT:  Has anyone threatened or forced you to

2   plead guilty?

3          THE DEFENDANT:  No.

4          THE COURT:  Other than your agreement with the

5   Government has anyone made any promise that caused you to

6   offer this plea of guilty?

7          THE DEFENDANT:  No.

8          THE COURT:  Has anybody given you any assurances as

9   to what I will do on sentence?

10          THE DEFENDANT:  No.

11          THE COURT:  All right, then, it's alleged in the

12   Information generally that you conspired with others to pay

13   kickbacks in connection with business related to Medicare and

14   Medicaid.  Did you do that?

15          THE DEFENDANT:  Yes, I did.

16          THE COURT:  Tell us what you did.

17          THE DEFENDANT:  We conspired with others to accept

18   patients referred to us by some doctors.  In return, we gave

19   some kickback to the doctors.

20          THE COURT:  And this was where?  Where were you

21   conducting the business?

22          THE DEFENDANT:  It's a business in Brooklyn.  At 762

23   59th Street, Brooklyn.  It's Ac Pharmacy.

24          THE COURT:  Okay, thank you.

25          Counsel, anything further?

Proceedings                                          23

1          MR. GLOZMAN:  Not in terms of the plea, Your Honor.

2          THE COURT:  Mr. Estes.

3          MR. ESTES:  Andrew Estes for the Government.  Just

4    noting that the time frame of the plea -- of the conduct that

5    the Government would prove or ask Ms. Zhu to acknowledge is

6    from approximately January 2010 to January 2021.

7          THE COURT:  Correct, Ms. Zhu?  Is that correct?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Based on the Information I've received

10   today, I find that the defendant is acting voluntarily, that

11   she fully understands her rights, the consequences and

12   possible consequences of her plea and that there is a factual

13   basis for her plea of guilty; and, therefore, I accept her

14   plea of guilty to the Information bearing docket number

15   22-CR-14.

16         I urge you to cooperate with the Probation

17   Department in their preparation of the pre-sentence report

18   consistent, of course, with counsel's advice.  The U.S.

19   Attorney will maintain custody of the original agreement.

20         Should we set a date for sentence or a control date,

21   Mr. Estes?

22         MR. ESTES:  If Your Honor would like to set a

23   control date at this time, that would be fine.

24         THE COURT:  Catherine, can you set a control date

25   about ninety days out?

Proceedings                                    24

1      THE COURTROOM DEPUTY:  Sure, Judge.  April 22, 11

2  a.m.

3      THE COURT:  I understand that the defendant is to be

4  released on an unsecured bond in the amount of $500,000 signed

5  by one additional suretor and the further condition that she

6  have no contact with co-conspirators or witnesses outside the

7  presence of counsel; that her travel is limited to New York

8  City, Long Island, Massachusetts, the Northern District of

9  Illinois, travel to and from these locations.  And also a

10  special condition that she not submit, directly or indirectly,

11  claims to Medicare or Medicaid.

12      Have I recited that correctly, Mr. Estes?

13      MR. ESTES:  Yes, Your Honor.

14      THE COURT:  Mr. Glozman?

15      MR. GLOZMAN:  Yes, Your Honor, in addition to the

16  standard ones of not breaking laws or having controlled

17  substances.

18      THE COURT:  Indeed, in addition to the standard

19  conditions of release.  Has she been processed?

20      MR. GLOZMAN:  She was processed with the FBI

21  yesterday.  It's her plan to be processed with the marshals

22  following this hearing and we just ask that the Government and

23  your courtroom deputy forward the bond paperwork to them so

24  she's released timely.

25      THE COURT:  Do I have permission to sign the bond or

SN      OCR      RPR

Proceedings                                          25

1    was she going to do that herself?

2            MR. GLOZMAN:  You have permission, Your Honor, and

3    you also have permission to sign on behalf of surety, Justin

4    Ching, who is on Zoom.

5            MR. ESTES:  Apologies for interrupting, Your Honor.

6            THE COURT:  Go ahead.

7            MR. ESTES:  Just to clarify, I also believe that the

8    defendant should provide her passport to Pretrial Services if

9    she still hasn't.

10           MR. GLOZMAN:  She will bring it to the marshal's

11   office and drop it at pretrial.

12           THE COURT:  All right.  All you need from us then is

13   a copy of the bond which we will forward to the marshal's

14   office; correct?

15           MR. GLOZMAN:  Yes, Your Honor.

16           MR. ESTES:  Yes, thank you, Your Honor.

17           THE COURT:  Ms. Zhu, do you have any questions

18   before we conclude the proceeding?

19           THE DEFENDANT:  I do not, Judge.

20           THE COURT:  Thank you, everyone.

21           And thanks to the court reporter.  We take our court

22   reporters for granted and that's the worst thing we could do.

23

24           (Matter adjourned.)

25                       - ooOoo -